11-4556.121-RSK                                          March 2, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TINKA G. HYDE,                        )
                                      )
                Plaintiff,            )
                                      )
                v.                    )    No. 11 C 4556
                                      )
JOHN E. STONER,                       )
                                      )
                Defendant.            )
_____)
                                      )
In the Matter of the State Court      )
Motion to Enforce Subpoenas           )
Against SUSAN HEDMAN, as Regional     )
Administrator of the U.S.             )
Environmental Protection Agency.      )

MEMORANDUM OPINION

Before the court is subpoena-respondent Susan Hedman's motion to dismiss the defendant's state court motion to compel. For the reasons explained below, we grant the respondent's motion.

BACKGROUND

Defendant John Stoner served a state-court subpoena on Susan Hedman, the Regional Administrator of the Environmental Protection Agency ("EPA"), in connection with his divorce case. The subpoena seeks documents relating to his wife Tinka Hyde's employment at the EPA, including current salary, bonuses, "[f]inancial disclosures," "[e]thics disclosures," and "[p]erformance reviews." (See Subpoena for Deposition/Records, attached as Ex. A to the respondent's Notice of Removal.) Hedman, through counsel, declined to respond

- 2 -

to the subpoena, citing 40 C.F.R. § 2.405. <u>See</u> 40 C.F.R. § 2.405 (EPA employees must decline to respond to a subpoena unless a designated official "determines that compliance with the subpoena is clearly in the interests of the EPA"); (Letter from R. Kaplan to J. Stoner, dated Jan. 3, 2011, attached as Ex. A to the respondent's Notice of Removal) (stating that "no interest of the Agency would be served in providing a substantive response to the subpoena").) Hedman's counsel indicated, however, that the subpoena would be treated as a Freedom of Information Act ("FOIA") request. (<u>See</u> Letter from R. Kaplan to J. Stoner, dated Jan. 3, 2011); <u>see also</u> 40 C.F.R. § 2.405 ("[W]here a subpoena duces tecum is essentially a written request for documents, the requested documents will be provided or denied in accordance with Subparts A and B of this Part [governing FOIA requests and confidentiality] where approval to respond to the subpoena has not been granted."). Stoner then filed a motion to compel Hedman to respond to the subpoena in the state-court divorce proceeding. (<u>See</u> Motion to Compel, attached as Ex. A to the respondent's Notice of Removal.) Hedman removed the motion to this court pursuant to 28 U.S.C. § 1442(a)(1), and now asks us to dismiss it on grounds of sovereign immunity.[1]

_____

[1] Stoner indicates in his response to the respondent's motion to dismiss that the EPA has since provided Hyde's "current and previous gross payment, net payment, and tax deductions." (Def.'s Resp. at 2.) However, he states that the EPA declined the remainder of his request, citing "the Privacy Act." (<u>Id.</u>)

- 3 -

A.   Removal Was Proper

    28 U.S.C. § 1442 states in relevant part:

    (a) A civil action or criminal prosecution that is
    commenced in a State court and that is against or
    directed to any of the following may be removed by them
    to the district court of the United States for the
    district and division embracing the place wherein it is
    pending:

    (1) The United States or any agency thereof or any
    officer (or any person acting under that officer) of the
    United States or of any agency thereof, in an official or
    individual capacity, for or relating to any act under
    color of such office or on account of any right, title or
    authority claimed under any Act of Congress for the
    apprehension or punishment of criminals or the collection
    of the revenue.

    [. . . .]

28 U.S.C. § 1442(a)(1); see also Dunne v. Hunt, No. 06 C 170, 2006

WL 1371445, *1 n.3 (N.D. Ill. May 16, 2006) ("Because the motion to

compel is the only action against a federal officer in the state

court legal malpractice action, only that portion of the state

court case is removable to federal court under § 1442(a)."). A

"civil action" is commenced where, as here, a party moves in state

court to enforce a subpoena against a federal officer. See Dunne,

2006 WL 1371445, *2; see also Ferto v. Fielder, No. 10 C 1729, 2010

WL 3168293, *1 (N.D. Ill. Aug. 5, 2010). Nevertheless, Stoner

contends that removal was improper because there is no "federal

interest" at stake in the underlying divorce action. (Def.'s Resp.

at 3 (citing Willingham v. Morgan, 395 U.S. 402, 406 (1969)

(quoting Poss v. Liebermann, 299 F.2d 358, 359 (2d Cir. 1962)).)

- 4 -

The language Stoner quotes from _Willingham_ and _Poss_ is not, as he seems to suggest, a free-standing requirement for removal under § 1442(a). In the cited portion of _Poss_, the Second Circuit Court of Appeals distinguished removal under § 1441, which must be premised on a federal question apparent on the face of the complaint. _Poss_, 299 F.2d at 359. By contrast, removal under § 1442(a) may be based upon a *defense* available under federal law. _Id._ The "federal interest" that _Willingham_ and _Poss_ refer to is the federal government's "very basic interest in the enforcement of federal law through federal officials." _Willingham_, 395 U.S. at 406; _see also_ _Poss_, 299 F.2d at 359 ("Where a federal officer asserts a privilege for acts done under color of his office the defense is based upon a federal right, the purpose of which is to prevent federal employees from being unduly harassed by vindictive or ill founded damage suits brought on account of action taken in the exercise of their official responsibilities.") (citation and internal quotation marks omitted). "[T]he purpose of § 1442(a) is to 'ensure a federal forum in any case where a federal official is entitled to raise a defense arising out of his official duties.'" _Dunne_, 2006 WL 1371445, *2 (quoting _Arizona v. Manypenny_, 451 U.S. 232, 241 (1981)). Stoner seeks employment records that Hedman maintained "under color of [her] office." 28 U.S.C. § 1442(a)(1); _see also_ _Dunne_, 2006 WL 1371445, *2 (The subpoena respondent's "only involvement was in his official capacity as a federal court

- 5 -

mediator.  Clearly, the subpoena pertains to acts committed 'under

color of office[.]'") (quoting 28 U.S.C. § 1442(a)).  Accordingly,

she was entitled under the statute to remove the case from state

court to challenge the subpoena on sovereign-immunity and related

grounds.  See Dunne, 2006 WL 1371445, *2; Ferto, 2010 WL 3168293,

*1; see also Edwards v. United States Dept. of Justice, 43 F.3d

312, 314 (7th Cir. 1994) (motion to compel compliance with a

subpoena removed from state court pursuant to § 1442(a)).[2]  We

conclude that Hedman properly removed Stoner's motion to compel.

## B.  The State Court Lacked Jurisdiction to Compel Hedman to Respond to the Subpoena

Hedman argues that the state court lacked jurisdiction to

compel her to respond to the subpoena.  We agree.  In Edwards, our

Court of Appeals concluded that a state court lacked jurisdiction

to compel the DOJ to respond to a subpoena seeking surveillance

videos in connection with a post-conviction proceeding.  Citing

United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951), the

Edwards Court held that "a federal employee cannot be compelled to

obey a subpoena, even a federal subpoena, that acts against valid

agency regulations."  Edwards, 43 F.3d at 317; see also Boron Oil

---

[2] Stoner purports to distinguish Edwards on the ground that the plaintiff in that case sued the federal government, whereas Hedman is not a named party in the underlying divorce proceeding.  (Def.'s Resp. at 4.)  In Edwards, the DOJ removed a motion to compel filed by the defendant in a state court proceeding collaterally attacking his murder conviction.  Edwards, 43 F.3d at 314.  The DOJ was not a party in the underlying action.  Stoner also argues that Edwards is distinguishable because he is not seeking to "attach liability against the United States."  (Def.'s Resp. at 4-5.)  But in Edwards, the defendant sought evidence from the DOJ for impeachment purposes in the post-conviction proceeding.  See Edwards, 43 F.3d at 314, 316.  He did not seek any other relief against the DOJ.

- 6 -

Co. v. Downie, 873 F.2d 67, 69-70 (4th Cir. 1989) ("Touhy is part of an unbroken line of authority which directly supports Downie's contention that a federal employee may not be compelled to obey a subpoena contrary to his federal employer's instructions under valid regulations."). Boron Oil involved the same EPA regulation at issue here. See Boron Oil, 873 F.2d at 69; see also 40 C.F.R. § 2.401 (c) ("The purpose of this Subpart is to ensure that employees' official time is used only for official purposes, to maintain the impartiality of EPA among private litigants, to ensure that public funds are not used for private purposes and to establish procedures for approving testimony or production of documents when clearly in the interests of EPA."). The Fourth Circuit Court of Appeals ruled that the state court lacked jurisdiction to compel the federal respondent (an EPA employee) to respond to a subpoena. See Boron Oil, 873 F.2d at 70 ("[T]he Touhy doctrine is jurisdictional") (quoting Swett v. Schenk, 792 F.2d 1447, 1451-52 (9th Cir. 1986) (internal quotation marks omitted)); see also Edwards, 43 F.3d at 317 (citing Boron Oil and Swett with approval). The doctrine of sovereign immunity likewise prohibits state courts from enforcing subpoenas against "unwilling federal officers." See Edwards, 43 F.3d at 317 ("[T]he cases involving § 1442(a) removals of state subpoena proceedings against unwilling federal officers have held that sovereign immunity bars the

- 7 -

enforcement of the subpoena.").[3]  Stoner relies on the Illinois Supreme Court's decision in Marshall v. Elward, 78 Ill.2d 366, 370-71 (1980), which held that sovereign immunity did not prevent an Illinois court from enforcing a subpoena against the Occupational Safety and Health Administration because a subpoena is not a "suit."  This holding cannot be squared with Edwards, which is binding in this court.  Stoner does not cite any authorities indicating that the federal government has "unequivocally" waived sovereign immunity with respect to the subpoena, (Edwards, 43 F.3d at 317), nor are we aware of any.  Therefore, sovereign immunity bars enforcement of the subpoena.  See Edwards, 43 F.3d at 317.  On removal under § 1442(a), our jurisdiction is "derivative" of the state court's jurisdiction: "if the state court lacks the jurisdiction to enforce the subpoenas, the district court will be in no better position than the state court in enforcing the subpoenas once the case is removed to federal court."  Id. at 316. Therefore, we too lack jurisdiction to enforce the subpoenas. See id.; Ferto, 2010 WL 3168293, *2; Dunne, 2006 WL 1371445, *3.

---

[3] The relationship between the Touhy doctrine and sovereign immunity is not always clear in the case law.  See Bosaw v. National Treasury Employees' Union, 887 F.Supp. 1199, 1212 (S.D. Ind. 1995) (surveying the case law and concluding that "[r]eluctance to allow a state court to order federal officers to act, when such action would violate instruction from their department heads, stems from a blend of sovereign immunity, Supremacy Clause, and federalism concerns").  However, as we read Edwards, sovereign immunity supplied an independent basis for quashing the state-court subpoenas.  See Edwards, 43 F.3d at 317; see also Dunne, 2006 WL 1371445, *4 (concluding that general principles of sovereign immunity precluded enforcement of a state-court subpoena against a federal official) (citing United States v. Sherwood, 312 U.S. 584, 586 (1941)).

- 8 -

If Stoner wishes to contest the EPA's determination that some of the documents he seeks are confidential, (see supra n.1), he should do so under the Administrative Procedure Act. See Edwards, 43 F.3d at 316 ("[T]he review action must be in federal court pursuant to 5 U.S.C. § 702, rather than in a state court that lacks jurisdiction."); see also Ferto, 2010 WL 3168293, *3 (concluding that on removal pursuant to § 1442 the court lacked authority to review the agency's action). In Edwards, notwithstanding the "derivative" nature of the district court's jurisdiction, the Court approved the district court's decision to "transform" the suit into an APA claim. Edwards, 43 F.3d at 315. But in that case the parties agreed to that procedure. Id. Neither party in this case has made such a request, and we will not convert the proceeding on our own motion.

CONCLUSION

The respondent's motion to dismiss (6) is granted.

DATE:    March 2, 2012

ENTER:   _____

John F. Grady, United States District Judge