IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TINKA G. HYDE,                          )
                                        )
                 Plaintiff,             )
                                        )
             v.                         )      No. 11 C 4556
                                        )
JOHN E. STONER,                         )
                                        )
                 Defendant.             )
_____ )
                                        )
In the Matter of the State Court        )
Motion to Enforce Subpoenas             )
Against SUSAN HEDMAN, as Regional       )
Administrator of the U.S.               )
Environmental Protection Agency.        )

## MEMORANDUM OPINION

Before the court is subpoena-respondent Susan Hedman's motion to dismiss the defendant's state court motion to compel. For the reasons explained below, we grant the respondent's motion.

## BACKGROUND

Defendant John Stoner served a state-court subpoena on Susan Hedman, the Regional Administrator of the Environmental Protection Agency ("EPA"), in connection with his divorce case. The subpoena seeks documents relating to his wife Tinka Hyde's employment at the EPA, including current salary, bonuses, "[f]inancial disclosures," "[e]thics disclosures," and "[p]erformance reviews." (See Subpoena for Deposition/Records, attached as Ex. A to the respondent's Notice of Removal.) Hedman, through counsel, declined to respond

to the subpoena, citing 40 C.F.R. § 2.405. See 40 C.F.R. § 2.405
(EPA employees must decline to respond to a subpoena unless a
designated official "determines that compliance with the subpoena
is clearly in the interests of the EPA"); (Letter from R. Kaplan to
J. Stoner, dated Jan. 3, 2011, attached as Ex. A to the
respondent's Notice of Removal) (stating that "no interest of the
Agency would be served in providing a substantive response to the
subpoena").) Hedman's counsel indicated, however, that the
subpoena would be treated as a Freedom of Information Act ("FOIA")
request. (See Letter from R. Kaplan to J. Stoner, dated Jan. 3,
2011); see also 40 C.F.R. § 2.405 ("[W]here a subpoena duces tecum
is essentially a written request for documents, the requested
documents will be provided or denied in accordance with Subparts A
and B of this Part [governing FOIA requests and confidentiality]
where approval to respond to the subpoena has not been granted.").
Stoner then filed a motion to compel Hedman to respond to the
subpoena in the state-court divorce proceeding. (See Motion to
Compel, attached as Ex. A to the respondent's Notice of Removal.)
Hedman removed the motion to this court pursuant to 28 U.S.C. §
1442(a)(1), and now asks us to dismiss it on grounds of sovereign
immunity.[1]

---

[1] Stoner indicates in his response to the respondent's motion to dismiss
that the EPA has since provided Hyde's "current and previous gross payment, net
payment, and tax deductions." (Def.'s Resp. at 2.) However, he states that the
EPA declined the remainder of his request, citing "the Privacy Act." (Id.)

A.   **Removal Was Proper**

28 U.S.C. § 1442 states in relevant part:

(a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

[. . . .]

28 U.S.C. § 1442(a)(1); see also Dunne v. Hunt, No. 06 C 170, 2006 WL 1371445, *1 n.3 (N.D. Ill. May 16, 2006) ("Because the motion to compel is the only action against a federal officer in the state court legal malpractice action, only that portion of the state court case is removable to federal court under § 1442(a)."). A "civil action" is commenced where, as here, a party moves in state court to enforce a subpoena against a federal officer. See Dunne, 2006 WL 1371445, *2; see also Ferto v. Fielder, No. 10 C 1729, 2010 WL 3168293, *1 (N.D. Ill. Aug. 5, 2010). Nevertheless, Stoner contends that removal was improper because there is no "federal interest" at stake in the underlying divorce action. (Def.'s Resp. at 3 (citing Willingham v. Morgan, 395 U.S. 402, 406 (1969) (quoting Poss v. Liebermann, 299 F.2d 358, 359 (2d Cir. 1962)).)

The language Stoner quotes from <u>Willingham</u> and <u>Poss</u> is not, as he seems to suggest, a free-standing requirement for removal under § 1442(a). In the cited portion of <u>Poss</u>, the Second Circuit Court of Appeals distinguished removal under § 1441, which must be premised on a federal question apparent on the face of the complaint. <u>Poss</u>, 299 F.2d at 359. By contrast, removal under § 1442(a) may be based upon a *defense* available under federal law. <u>Id.</u> The "federal interest" that <u>Willingham</u> and <u>Poss</u> refer to is the federal government's "very basic interest in the enforcement of federal law through federal officials." <u>Willingham</u>, 395 U.S. at 406; <u>see also</u> <u>Poss</u>, 299 F.2d at 359 ("Where a federal officer asserts a privilege for acts done under color of his office the defense is based upon a federal right, the purpose of which is to prevent federal employees from being unduly harassed by vindictive or ill founded damage suits brought on account of action taken in the exercise of their official responsibilities.") (citation and internal quotation marks omitted). "[T]he purpose of § 1442(a) is to 'ensure a federal forum in any case where a federal official is entitled to raise a defense arising out of his official duties.'" <u>Dunne</u>, 2006 WL 1371445, *2 (quoting <u>Arizona v. Manypenny</u>, 451 U.S. 232, 241 (1981)). Stoner seeks employment records that Hedman maintained "under color of [her] office." 28 U.S.C. § 1442(a)(1); <u>see also</u> <u>Dunne</u>, 2006 WL 1371445, *2 (The subpoena respondent's "only involvement was in his official capacity as a federal court

mediator. Clearly, the subpoena pertains to acts committed 'under color of office[.]'" ) (quoting 28 U.S.C. § 1442(a)). Accordingly, she was entitled under the statute to remove the case from state court to challenge the subpoena on sovereign-immunity and related grounds. See Dunne, 2006 WL 1371445, *2; Ferto, 2010 WL 3168293, *1; see also Edwards v. United States Dept. of Justice, 43 F.3d 312, 314 (7th Cir. 1994) (motion to compel compliance with a subpoena removed from state court pursuant to § 1442(a)).[2] We conclude that Hedman properly removed Stoner's motion to compel.

**B. The State Court Lacked Jurisdiction to Compel Hedman to Respond to the Subpoena**

Hedman argues that the state court lacked jurisdiction to compel her to respond to the subpoena. We agree. In Edwards, our Court of Appeals concluded that a state court lacked jurisdiction to compel the DOJ to respond to a subpoena seeking surveillance videos in connection with a post-conviction proceeding. Citing United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951), the Edwards Court held that "a federal employee cannot be compelled to obey a subpoena, even a federal subpoena, that acts against valid agency regulations." Edwards, 43 F.3d at 317; see also Boron Oil

---

[2] Stoner purports to distinguish Edwards on the ground that the plaintiff in that case sued the federal government, whereas Hedman is not a named party in the underlying divorce proceeding. (Def.'s Resp. at 4.) In Edwards, the DOJ removed a motion to compel filed by the defendant in a state court proceeding collaterally attacking his murder conviction. Edwards, 43 F.3d at 314. The DOJ was not a party in the underlying action. Stoner also argues that Edwards is distinguishable because he is not seeking to "attach liability against the United States." (Def.'s Resp. at 4-5.) But in Edwards, the defendant sought evidence from the DOJ for impeachment purposes in the post-conviction proceeding. See Edwards, 43 F.3d at 314, 316. He did not seek any other relief against the DOJ.

Co. v. Downie, 873 F.2d 67, 69-70 (4th Cir. 1989) ("Touhy is part
of an unbroken line of authority which directly supports Downie's
contention that a federal employee may not be compelled to obey a
subpoena contrary to his federal employer's instructions under
valid regulations."). Boron Oil involved the same EPA regulation
at issue here. See Boron Oil, 873 F.2d at 69; see also 40 C.F.R.
§ 2.401 (c) ("The purpose of this Subpart is to ensure that
employees' official time is used only for official purposes, to
maintain the impartiality of EPA among private litigants, to ensure
that public funds are not used for private purposes and to
establish procedures for approving testimony or production of
documents when clearly in the interests of EPA."). The Fourth
Circuit Court of Appeals ruled that the state court lacked
jurisdiction to compel the federal respondent (an EPA employee) to
respond to a subpoena. See Boron Oil, 873 F.2d at 70 ("[T]he Touhy
doctrine is jurisdictional") (quoting Swett v. Schenk, 792 F.2d
1447, 1451-52 (9th Cir. 1986) (internal quotation marks omitted));
see also Edwards, 43 F.3d at 317 (citing Boron Oil and Swett with
approval). The doctrine of sovereign immunity likewise prohibits
state courts from enforcing subpoenas against "unwilling federal
officers." See Edwards, 43 F.3d at 317 ("[T]he cases involving §
1442(a) removals of state subpoena proceedings against unwilling
federal officers have held that sovereign immunity bars the

enforcement of the subpoena.").[3]  Stoner relies on the Illinois
Supreme Court's decision in Marshall v. Elward, 78 Ill.2d 366, 370-
71 (1980), which held that sovereign immunity did not prevent an
Illinois court from enforcing a subpoena against the Occupational
Safety and Health Administration because a subpoena is not a
"suit."  This holding cannot be squared with Edwards, which is
binding in this court.  Stoner does not cite any authorities
indicating that the federal government has "unequivocally" waived
sovereign immunity with respect to the subpoena, (Edwards, 43 F.3d
at 317), nor are we aware of any.  Therefore, sovereign immunity
bars enforcement of the subpoena. See Edwards, 43 F.3d at 317.  On
removal under § 1442(a), our jurisdiction is "derivative" of the
state court's jurisdiction: "if the state court lacks the
jurisdiction to enforce the subpoenas, the district court will be
in no better position than the state court in enforcing the
subpoenas once the case is removed to federal court." Id. at 316.
Therefore, we too lack jurisdiction to enforce the subpoenas. See
id.; Ferto, 2010 WL 3168293, *2; Dunne, 2006 WL 1371445, *3.

---

    [3] The relationship between the Touhy doctrine and sovereign immunity is
not always clear in the case law.  See Bosaw v. National Treasury Employees'
Union, 887 F.Supp. 1199, 1212 (S.D. Ind. 1995) (surveying the case law and
concluding that "[r]eluctance to allow a state court to order federal officers
to act, when such action would violate instruction from their department heads,
stems from a blend of sovereign immunity, Supremacy Clause, and federalism
concerns").  However, as we read Edwards, sovereign immunity supplied an
independent basis for quashing the state-court subpoenas. See Edwards, 43 F.3d
at 317; see also Dunne, 2006 WL 1371445, *4 (concluding that general principles
of sovereign immunity precluded enforcement of a state-court subpoena against a
federal official) (citing United States v. Sherwood, 312 U.S. 584, 586 (1941)).

If Stoner wishes to contest the EPA's determination that some of the documents he seeks are confidential, (see supra n.1), he should do so under the Administrative Procedure Act. See Edwards, 43 F.3d at 316 ("[T]he review action must be in federal court pursuant to 5 U.S.C. § 702, rather than in a state court that lacks jurisdiction."); see also Ferto, 2010 WL 3168293, *3 (concluding that on removal pursuant to § 1442 the court lacked authority to review the agency's action). In Edwards, notwithstanding the "derivative" nature of the district court's jurisdiction, the Court approved the district court's decision to "transform" the suit into an APA claim. Edwards, 43 F.3d at 315. But in that case the parties agreed to that procedure. Id. Neither party in this case has made such a request, and we will not convert the proceeding on our own motion.

## CONCLUSION

The respondent's motion to dismiss (6) is granted.


DATE:          March 2, 2012


ENTER:         _____

               John F. Grady, United States District Judge